78,977-04,03
02,01

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

Kenneth R. Knowles
Pack Unit 1 # 1731817
2400 Wallace Pack Rd
Navasota, Texas, 77868

MOTION DENIED
DATE: 10-9-15
BY: PC

Abel, Acosta - Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
        Austin, Texas, 78711


Re: Trial Court Cause #s
        TC# CR2009-446 - CR2010-154
        TC# CR2010-155 - CR2010-156


Dear Mr. Acosta-Clerk:


    Enclosed you will find 1ea. Copy of motion for
    Evidentiary Hearing, and motion for ~~Apo~~ Appointment
    of Counsel,
    Your Attention and Assistance in These matters, is Greatly
    Appreciated.

                            Respectfully Submitted.
                            Kenneth R. Knowles
                                        PRO-SE

KENNETH R. KNOWLES

v.

William STEPHENS, DIRECTOR

TEXAS DEPARTMENT OF CRIMINAL JUSTICE


MOTION FOR EVIDENTIARY HEARING And Remand
TO THE 207th Judicial DISTRICT COURT in
COMAL, COUNTY, TEXAS


on CAUSE#'s No's
TC# CR2009-446 - TC# CR2010-154
TC# CR2010-155 - TC# CR2010-156


COMES NOW, KENNETH R. KNOWLES. TDCJ# 1731817,
REQUEST THROUGH PRO-Se REPRESENTATION And
ReSpectfully moves THIS HONORABLE COURT To
GRANT MOTION for EVIDENTIARY HEARING And Remand.


I.


On Feb. 22, 2011, The TRIAL COURT Called to ORDER CAUSE#
CR2009-446, for JURY TRIAL. TRIAL COUNSEL And STATE
HAD WORKED out A PLEA AGREEMENT in CAUSE# CR2009-446
And The oTHER THREE CAUSE#'s.

Trial Counsel Said Your Honor we have one Pre-Trial matter that we would Like To Present To Court

The Trial Court Refused, Saying:

From Transcript-(Trial): " That's Well and Good. PreTrials happen at Multiple Times, And you "haven't" Presented here "Anything" Untimely. You were Last Thursday and That was a Pretrial Setting, And There have been — I See Probably — one, Two, Three, Four, Five — Five different Pre-Trial motion Settings That I See Right off The Top That You have Been AT. And here is Another Back in January-2010, December-2009. If you had a Pre-Trial matter to Raise, That would have Been The Time To Raise iT. " On That Point The Trial Court Should have Stopped Court Proceding. And To Call for an Evidentiary Hearing — To Resolve Trial Counsel Ineffective-ness, Tward Defendant Knowles.

The Trial Court has Clearly Shown The Ineffectiveness of Trial Counsel Tward Defendant Knowles, In There own words. — Useing: U.S. v. Davenport; 986. F. 2nd. 1047 (7th Cir. 1993). Trial Counsel's Failure To move To Suppress confession may Constitute "Cause" Under Ineffective Assist. Counsel for Procedural Default Rule. ___

Useing: CLARK J. BLACKBURN; 619. F. 2nd. 436 (5th Cir 1980)-
Trial Counsel's Failure To File Any Pre-Trial motions on
Defensive Issues, Faild To Seek Pre-Trial Discovery,
Failed To Obtain A Transcript of Testimony Before Grand-
Jury, Warranted An Evidentiary Hearing To Resolve
The ineffective Counsel claim.

## II

The Plea Bargain was signed After, The Trial Court
Should have called for an Evidentiary Hearing to Resolve
The ineffective Assist. Counsel. — Useing: U.S. v Rumery;
698. F. 2nd 764 (5th Cir. 1993). - Trial Counsel's induced
defendants Guilty Plea, Based on Erroneous Aduice,
Renders The Plea Guilty Plea, itself involuntary and
Unintelligently Entered, and Constitutues ineffective
Assist. Counsel claim... Useing wiley v. Wainwright;
493. F. 2nd. 1190 (11th Cir. 1986). A Guilty Plea does not
Preclude defendant from Raising Sixth Amendment
Claim of ineffective Assist Counsel claim... Useing.-
U.S. v Scott, 625. F 2nd 623 (5th Cir 1981). - A Conviction
on A Guilty Plea That is Entered Solely As A Result
of Faulty Legal Aduice is A MisCarriage of Justice.

## III

Next The Trial Counsel and Trial Court discussed defendant' Knowles's P.T.S.D. Sence Knowles was on medication, From The VA. MH Department in San Antono, Tex. Trial Counsel Failure to Due Any Type of Pre Trial investigation into The Crime he was Charged with, or Knowles's mental State. Useing: Woodard v. Collins; 898 F. 2nd 1027 (5th Cir 1990); The Court held that A Remand was Required to determine wether Petitioner was Pre Judiced by ~~Counsel~~ his Counsel's Failure to investigate a Crime To which, Upon Counsel's Advice, Petitioner Pled Guilty. Reversed And Remanded.
Useing: Ngan v Singletary; 12. F. 3d 1012. (11th Cir. 1994) Trial Counsel's Failure to investigate, defendant's Competency, obtain Prison or military medical files Prior to offering informed opinion That Defendant Should Plea Guilty, Constituted ineffective Counsel. Useing: Loyd v. Smith; 813. F. 2nd 464 (5th Cir. 1987); Trial Counsel's Failure To Present Mitigating Evidence of defendent's mental disease or Defect, Constituted ineffective Assist. of Counsel And Required Evidentiary hearing.

## IV

Now came the sentencing phase of the trial. The trial court gave defendant Knowles, — 45 yrs. ea. on cause's CR 2009-446; CR 2010-154; CR 2010-155, and two yrs. on cause # CR 2010-156. Run concertantly. Defendant's trial counsel was ineffective. Useing U.S. v Acklen: 47 F. 3rd 769 (5th Cir 1995). Ineffective assistance of counsel at sentecing can constitute "cause" for procedural default.

## V

After sentencing trial counsel, said to defendant Knowles. He would do Knowles direct appeal. By trial counsel doing Knowles's direct appeal, he could cover up his ineffectiveness during trial. Useing Evitte v. Lucy: 469 U.S. 387. 83 L. Ed. 2nd 821 105 S. Ct 830 (1985). Due Process Guarantes defendant the right to effective assistance counsel on first direct appeal. Useing: Burns v. Gammon: 173. F. 3rd 1089 (8th Cir. 1999): Trial Counsel and Appellate Counsel who come from same office as trial counsel created a conflict of interest where appellate counsel failed to raise trial counsel ineffective assistance counsel claim on direct appeal, which could have been reviewed based on the record on appeal and constituted "cause" for procedural default.

WHERE FORE, PREMISSES Considered, KENNETH R. Knowles RESpectfully Request THAT This HonoRABle CouRT of APPEAls, will GRANT, MoTion FOR EviDentiAr HEARING.

RESpectfully Submitted

KENNETH R. Knowles PROSE
PACK Unit / 1731817
2400 WAllACE PACK Rd.
NAVASOTA, TEXAS, 77868

## ORDER

On This The _____ day of _____ 2015, Come To Be

Considered APPLICANT's MOTION FOR EVIDENTIARY HEARING

And Remand. And Said MOTION is hereby

☐ GRANTED / ☐ DENIED

SIGNED And ENTERED This _____ day of _____,
2015.

_____
JUDGE PRESIDING